Plaintiff has filed this suit against the defendant for the sum of $380.00 which she alleged was due under an oral agreement by and between petitioner and the defendant. Under "this oral agreement, defendant was permitted to cut and remove from the said Rose Mound Plantation such merchantable timber as he might select during the period from October 20, 1946 to December 1, 1946 for the agreed price to be paid by defendant to petitioner of Seven and no/100 ($7.00) Dollars per thousand for such timber so cut and removed."
The defendant filed an exception of non-joinder, which was overruled and has not been re-urged, and then filed an answer which, in effect, was a general denial and the case was duly tried and judgment was rendered in favor of the plaintiff as prayed for.
From this judgment the defendant has appealed.
When this case came up for trial, Jack Babers, the son of the plaintiff, was called as a witness to prove the agreement as above quoted, which is the basis of plaintiff's claim. The defendant objected to plaintiff's son testifying on the ground that if the defendant "had any dealings with anyone beside the plaintiff in this suit, that is irrevelant and immaterial." The Court overruled the objection and defendant reserved an exception and now makes that his one and only ground of complaint on appeal and states in his brief that "to have permitted Jack Babers to testify so enlarged the pleadings to an extent that Jack Babers became the petitioner." He objected to any proof of plaintiff's claim except strictly or literally as set forth in the quoted paragraph that defendant and plaintiff had an oral agreement whereas the proof in the record shows that the defendant became the purchaser of a saw mill which had been cutting the timber of the plaintiff paying therefore $7.00 per thousand. The defendant, wishing to have the same privilege, went with Jones, the party who sold him the mill, to secure the same agreement. They saw Jack Babers, son of the plaintiff, and he told them that the defendant could cut the timber under the same agreement as Jones, that is, by paying $7.00 per thousand.
In accordance with the conversation and agreement with Jack Babers, the defendant proceeded to cut timber from the plaintiff's property, and on the date of the filing of this suit was indebted in the sum of $380.00 for timber cut off of the plaintiff's property. There is no objection insofar as the terms of the agreement are concerned nor is there any real denial that $380.00 is due for timber that came off of plaintiff's property.
The allegation of the petition is sufficient for plaintiff's claim. It charges in substance and materially that the defendant was permitted to cut and remove timber from plaintiff's property for an agreed price. He merely objected to the allegation that such an agreement was between himself and the plaintiff. He is not concerned with the authority of plaintiff's son in view of the fact that plaintiff accepted the agreement made by her son and has judicially declared upon such an agreement and offered the testimony of her son and agent in proof of her claim. The case, therefore, resolves itself into a question of whether he cut and removed $380.00 worth of timber for which he did not pay from plaintiff's land. This is proven and not questioned on appeal.
The allegations are clearly sufficient to apprise the defendant of the nature of the evidence to be introduced and with certainty indicated the fact which plaintiff intended to prove. See 49 Corpus Juris 796, Section 1174, and Chapman-Storm Lumber Co. v. Board of Commissioners, 196 La. 1039,200 So. 455. Also, the evidence offered was in line with plaintiff's allegations and in proof thereof. Defendant did not complain that he was taken by surprise nor did he ask for a continuance nor did he file an exception of vagueness or a plea for particulars as to whether the oral agreement was made by plaintiff or through an agent. It comes back to a matter of proof. The defendant was not taken by surprise by the proof sought to be *Page 900 
offered because he was aware of the fact that he had made his oral contract of purchase with plaintiff's son. He knew or should have known that the son could only sell this timber as agent of plaintiff. By the payment of the judgment defendant will have discharged his obligation. There is no contrary evidence but that the timber belonged to plaintiff.
The judgment of the District Court is accordingly affirmed at appellant's cost.